**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Public Service Company, an Arizona public service corporation,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>vs.<br><br>Deer Valley Lodging Investors, LLC, a Wisconsin limited liability company; Deer Valley Hotel Investors, II, LLC, a Wisconsin limited liability company; Deer Valley Restaurant Investors, LLC, a Wisconsin limited liability company; M&I Marshall & Ilsley Bank, a Wisconsin corporation; American Asphalt & Grading Company, a Nevada corporation; Maricopa County; John Does I-X; Jane Does I-X; ABC Partnerships I-X; and XYZ Corporations or Other Entities I-X; and Unknown Heirs, Devisees, and Trust Beneficiaries of the Above-Named Defendants, if deceased,<br><br>　　　　Defendants/Counter-Plaintiffs. | No. CV-10-1985-PHX-GMS<br><br>**ORDER** |

Pending before this Court is a Motion to Remand filed by Plaintiff Arizona Public Service Company ("Plaintiff"). (Doc. 8). For the reasons set forth below, the Court grants Plaintiff's motion.

## BACKGROUND

Plaintiff seeks to condemn a right of way easement through Maricopa County

1  Assessor's Parcel Number 210-05-942. (Doc. 1). Defendants maintain ownership rights or
2  interests in this parcel of land in the form of a 99 year lease from the State of Arizona. (Doc.
3  8). Plaintiff provides electricity to the public in Maricopa County, Arizona, and as a
4  designated public service corporation, has the statutory right to condemn real property
5  relating to its business of electric power and transmission lines. (Doc. 8). Plaintiff had a
6  temporary easement through the parcel, upon which it has maintained a 69kV power line
7  since approximately 2006. (Doc. 8). The power line located on the easement in question
8  provides power to Defendants' development, upon which are operated two hotels among
9  other projects. (Doc. 8). The temporary easement expired at the end of 2009; Plaintiff seeks
10 to replace it with an easement that will remain in force throughout the duration of
11 Defendants' lease. (Doc. 8).

12 After the parties were unable to negotiate a permanent easement, Plaintiff filed a
13 condemnation suit in state court against Defendants Deer Valley Lodging Investors, LLC,
14 and Maricopa County, on December 23, 2009. (Doc. 8). Plaintiff filed an amended
15 complaint naming all current Defendants on January 14, 2010 (Doc. 8). Maricopa County,
16 disclaimed its interest in the real property in question on September 2, 2010. (Doc. 1).
17 Defendants, Deer Valley and M & I Marshall & Ilsley Bank, filed a Notice of Removal on
18 September 15, 2010, alleging complete diversity of citizenship and damages in excess of
19 $300,000. (Doc. 1).

20 Plaintiff filed this Motion to Remand alleging that Defendants' Notice of Removal
21 was untimely as it exceeded the 30 day time limit allowed by 28 U.S.C. § 1446(b). (Doc. 8).
22 Plaintiff also alleges that Defendants' Notice of Removal was procedurally improper because
23 not all Defendants "consented to removal." (Doc. 8). Defendants argue that the 30 day time
24 limit allowed by § 1446(b) did not begin to run until Defendants received notice of Maricopa
25 County's disclaimer of interest, because it was only then that the case became removable on
26 diversity grounds. (Doc. 10).
27 / / /
28

**DISCUSSION**

**I.     Legal Standard**

"Under 28 U.S.C. § 1441(a), the district courts have removal jurisdiction over any claim that could have been brought in federal court originally." *Hall v. N. Am. Van Lines, Inc.,* 476 F.3d 683, 686-87 (9th Cir. 2007). The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). The removal statute is strictly construed against removal jurisdiction. *Id.* (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir.1988)). There is a "strong presumption" *against* removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Id.* (emphasis added). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

**II.    Analysis**

In the Motion to Remand, Plaintiff asserts that neither Defendants Maricopa County[1] nor American Asphalt & Grading Co. consented to or joined in the Notice of Removal (Doc. 8). Generally, all defendants in a state action must join or consent to a notice of removal. 28 U.S.C. §1446(a); *Wisconsin Dep't of Corrections v. Schacht,* 524 U.S. 381, 392 (1998). This rule "does not apply to nominal, unknown, or fraudulently joined parties." *Computer Systems, Inc., v. AT & T Corp.,* 298 F.3d 756, 762 (9th Cir. 2002) (citing *Emrich* at 846 F.2d at 1193). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under § 1446(b) to explain affirmatively the absence of any co-defendants in the Notice of Removal." *Prize Frize v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1266 (9th Cir. 1999) *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.,* 443 F.3d 676, 681 (9th Cir.2006) (noting that jurisdiction under Class

---

[1]The Court need not reach the issue of whether Maricopa County is still a party to this lawsuit subsequent to its disclaimer of interest, as Plaintiff asserts in its Motion to Remand, because, in any event, Defendants' removal is procedurally improper on other grounds.

- 3 -

1   Action Fairness Act does not require joinder of all defendants).

2   Defendants failed to address this issue in their Response to Plaintiff's Motion to Remand. Defendants do not dispute that Maricopa County and American Asphalt & Grading Co. did not join in or consent to removal, nor did Defendants offer an affirmative explanation, or any explanation at all, for these defendants' absence in its Notice of Removal. (Doc. 1). Because Defendants failed to join all co-defendants in the Notice of Removal, upon Defendants was placed the burden to affirmatively explain the co-defendants' absence. Defendants have failed to meet their burden to provide such an explanation. Thus, Defendants' Notice of Removal was procedurally defective, and must be remanded.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand to State Court (Doc. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to remand this action back to Maricopa County Superior Court.

DATED this 31st day of January, 2011.

*/s/ H. Murray Snow*
G. Murray Snow
United States District Judge

---

[2] Deciding the issue of whether or not this case became removable upon Maricopa County's disclaimer of interest, as Defendants assert, is not necessary to the outcome of this Motion to Remand, as Defendants' removal was procedurally defective on other grounds not affected by Maricopa County's presence or absence as a defendant.

- 4 -