1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Arizona Public Service Company, an)     No. CV-10-1985-PHX-GMS
    Arizona public service corporation,    )
10                                          )   **ORDER**
         Plaintiff/Counter-Defendant,       )
11                                          )
    vs.                                     )
12                                          )
    Deer Valley Lodging Investors, LLC, a)
13  Wisconsin limited liability company; Deer)
    Valley  Hotel  Investors,  II,  LLC,  a)
14  Wisconsin limited liability company; Deer)
    Valley  Restaurant  Investors,  LLC,  a)
15  Wisconsin limited liability company; M&I)
    Marshall  &  Ilsley  Bank,  a  Wisconsin)
16  corporation; American Asphalt & Grading)
    Company,  a  Nevada  corporation;)
17  Maricopa County; John Does I-X; Jane)
    Does  I-X;  ABC  Partnerships  I-X;  and)
18  XYZ Corporations or Other Entities I-X;)
    and Unknown Heirs, Devisees, and Trust)
19  Beneficiaries  of  the  Above-Named)
    Defendants, if deceased,                )
20                                          )
         Defendants/Counter-Plaintiffs.     )
21                                          )
                                            )
22

23        Pending before the Court is Defendants' Motion for Reconsideration of the Court's

24  Order granting Plaintiff's Motion to Remand.  (Doc. 21).  For the reasons contained herein,

25  the Court denies Defendants' motion.

26                              **BACKGROUND**

27        Plaintiff filed a condemnation suit in state court against Defendants Deer Valley

28  Lodging Investors, LLC, and Maricopa County, on December 23, 2009, seeking an easement

1 through Maricopa County Assessor's Parcel Number 210-05-942 that would remain in effect

2 throughout the duration of Defendants' lease on that property. (Doc. 8). Plaintiff filed an

3 amended complaint naming all current Defendants on January 14, 2010. (Doc. 8). Maricopa

4 County disclaimed its interest in the real property in question on September 2, 2010. (Doc.

5 1). Defendants, Deer Valley and M & I Marshall & Ilsley Bank, then filed a Notice of

6 Removal on September 15, 2010, alleging complete diversity of citizenship and damages in

7 excess of $300,000. (Doc. 1).

8      Plaintiff filed a Motion to Remand alleging that Defendants' Notice of Removal was

9 untimely and procedurally improper because not all Defendants "consented to removal."

10 (Doc. 8). Plaintiff, in both its motion and Reply, raised the argument that neither Maricopa

11 County nor American Asphalt and Grading Co. consented to removal. (Doc. 8, 11).

12 However, Defendants failed to address this issue in their response. (Doc. 10). The Court

13 granted Plaintiff's Motion to Remand on the basis of lack of unanimous joinder of defendants

14 in the Notice of Removal. (Doc. 19). Defendants then filed this Motion for Reconsideration.

15 (Doc. 21).

16 **LEGAL STANDARD**

17      A motion for reconsideration is meant to correct "manifest error" or to present "new

18 facts or legal authority that could not have been brought to [the Court's] attention earlier with

19 reasonable diligence." LOCAL R. CIV. P. 7.2(g). The granting of a motion for reconsideration

20 "is an extraordinary remedy which should be used sparingly." 11 C. WRIGHT & A. MILLER,

21 FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995). Such a motion "'may not be

22 used to relitigate old matters, or to raise argument or present evidence that could have been

23 raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5

24 (2008) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1). "A

25 motion for reconsideration should not be used to ask a court 'to rethink what the court had

26 already thought through – rightly or wrongly.'" *Defenders of Wildlife v. Browner*, 909

27 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing,*

28 *Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

1    **I.    Manifest Error**

2        In their Motion for Reconsideration, Defendants request that the Court reconsider its

3    granting of Plaintiff's Motion to Remand on the basis of "manifest error." (Doc. 21).

4    Defendants argue that the legal arguments addressed by the Court were not mentioned in

5    Plaintiff's Motion to Remand, and, as such, Defendants were not aware of the procedural

6    defect contained within their Notice of Removal until the Court ruled on Plaintiff's motion.

7    Defendants are mistaken.

8        The Court granted Plaintiff's motion on the basis of lack of unanimous joinder of all

9    defendants in the Notice of Removal, and Defendants' failure to offer explanation for such

10   lack of unanimity. (Doc. 19). The Court did not raise the issue of lack of unanimity *sua*

11   *sponte*. On the contrary, it was explicitly raised in Plaintiff's Motion to Remand: "Moreover,

12   both Maricopa County and Defendant American Asphalt and Grading Co. are still parties to

13   this lawsuit, and Defendants' Notice of Removal does not indicate those parties consent to

14   removal." (Doc. 8). Defendants attempt to cast doubt upon the basis for the Court's decision

15   when a simple reading of the underlying motion proves its soundness. In as much as

16   Defendants' "manifest error" claim is based upon this issue, it fails.

17   **II.    Remand Order Not Reviewable**

18       Notwithstanding the above grounds for denying Defendants' Motion for

19   Reconsideration, "[o]nce a district court certifies a remand order to state court it is divested

20   of jurisdiction and can take no further action on the case." *Seedman v. United States Dist.*

21   *Court*, 837 F.2d 413, 414 (9th Cir. 1988). Section 1447(d) provides that "[a]n order

22   remanding a case to the State court from which it was removed is not reviewable on appeal

23   or otherwise." 28 U.S.C. § 1447(d). The language of section 1447(d) "has been universally

24   construed to preclude not only appellate review but also reconsideration by the district

25   court." *Seedman*, 837 F.2d at 414. The Supreme Court has held that section 1447(d) only

26   prohibits review of remand orders issued pursuant to a ground enumerated in section 1447(c).

27   *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28 (1995). Remand by a district

28   court on the basis of the unanimity rule is a defect under section 1447(c), and as such, review

- 3 -

1   is unavailable. *Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 938 (9th Cir.

2   2010) (holding that remand based upon lack of unanimity is a remand based upon 1447(c),

3   even if the district court did not cite that statute).

4        The Court fully considered Plaintiff's Motion to Remand and Defendants' Response

5   to that motion. The Court granted Plaintiff's Motion on the section 1447(c) ground of lack

6   of unanimous joinder by defendants in their Notice of Removal.  The Court has disposed of

7   this matter and has certified this case back to the state court from which it came.

8   Accordingly, the Court has no authority to reconsider its decision in this matter.  Because the

9   Court is specifically barred by statute from reconsideration of this matter, and, in any event,

10   because the Court deems proper its disposition of Plaintiff's Motion to Remand, Defendants'

11   Motion for Reconsideration is denied.

12        **IT IS THEREFORE ORDERED** that Defendants' Motion for Reconsideration

13   (Doc. 21) is **DENIED**.

14        Dated this 9th day of March, 2011.

G. Murray Snow
United States District Judge